goes to the weight, rather than the admissibility, of the evidence *(see, People v McGee,* 49 NY2d 48, 59-60; *People v White,* 40 NY2d 797, 799-800). Even if we were to find that it was error to admit the bullets into evidence, any error in that regard would be harmless because the proof of guilt was overwhelming and there is no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 241-243). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—criminal possession of weapon, second degree; menacing.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON T. MATTHEWS, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed *(see, People v Hapeman,* 71 AD2d 1006). (Appeal from judgment of Erie County Court, La Mendola, J.—criminal possession of weapon, fourth degree.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON T. MATTHEWS, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed *(see, People v Hapeman,* 71 AD2d 1006). (Appeal from judgment of Erie County Court, La Mendola, J.—criminal trespass, second degree, and another charge.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT BENTON, Appellant.—Judgment unanimously reversed on the law, plea vacated and defendant remanded to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: Defendant agreed to enter a plea of guilty to robbery in the second degree in satisfaction of a three-count indictment. At the plea colloquy, however, he advised the court that he had no recollection of the alleged criminal activity because he had consumed several pills and a quart each of vodka and wine. Following that revelation the court asked defendant if he recalled anything that happened that day and defendant responded that he did not. The court asked the prosecutor whether the People would consent to a plea pursuant to *North Carolina v Alford* (400 US 25). The prosecutor consented and the court accepted the *Alford* plea. That was error. The court should not have proceeded with the plea without first making further inquiry whether defendant was asserting that his intent had been negated by intoxication and, if so, whether he was knowingly waiving that potential